UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIE D.,<br><br>Plaintiff,<br><br>v.<br><br>FRANK BISIGNANO, Commissioner of Social Security,<br><br>Defendant. | Case No.: 3:26-cv-01436-AHG<br><br>**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS**<br><br>**[ECF No. 2]** |

On March 4, 2026, Plaintiff Marie D. ("Plaintiff") brought this action against the Commissioner of Social Security, Frank Bisignano, seeking judicial review of the Commissioner's final administrative decision denying her application for Social Security disability insurance benefits and Supplemental Security Income for lack of disability. ECF No. 1. Along with her Complaint, Plaintiff also filed a Motion for Leave to Proceed *in forma pauperis* ("IFP") under 28 U.S.C. § 1915. ECF No. 2. Upon review, the Court finds the application insufficient to determine whether Plaintiff has demonstrated an inability to pay the civil filing fee. *See* 28 U.S.C. §§ 1914(a), 1915(a). The Court will therefore deny the motion without prejudice to refiling.

A plaintiff seeking to proceed IFP in this Court must provide a signed affidavit "that includes a statement of all assets [showing] inability to pay initial fees or give security."

CivLR 3.2(a). Among other requirements, the affidavit must contain "[a] statement as to current employment including the amount of wages or salary per month and the name and address of the current employer." CivLR 3.2(a)(1). The affidavit must also include a statement as to any money in a financial institution, including checking, savings, and any other accounts. CivLR 3.2(a)(4). Additionally, Form AO 239—the Court's Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form)—states in the instructions that the applicant must "[c]omplete all questions in this application and then sign it. ***Do not leave any blanks***: if the answer to a question is "0," "none," or "not applicable (N/A)," write that response." *See* ECF No. 2 at 1 (emphasis added).

Despite these requirements, Plaintiff's application contains several gaps and inconsistencies that prevent the Court from determining whether Plaintiff qualifies to proceed without prepaying the filing fee. First, the income section of the application appears inconsistent. Plaintiff lists monthly employment income of approximately $1,000 and retirement income of approximately $1,676 but reports total monthly income of only $1,676. ECF No. 2 at 1–2. Based on the amounts listed, Plaintiff's total monthly income appears to be approximately $2,676. This discrepancy prevents the Court from evaluating Plaintiff's financial resources.

Second, the expenses section of the application appears incomplete and contains mathematical errors. Plaintiff lists several monthly expenses—including rent, utilities, food, clothing, and medical expenses—but reports total monthly expenses of $0.00. *Id.* at 4–5. The itemized expenses listed on the form clearly exceed $0.00, and the Court cannot determine Plaintiff's actual monthly expenses.

Third, several sections of the application are incomplete or internally inconsistent. Plaintiff reports receiving employment income but lists "N/A" for employment history over the past two years. *Id.* at 2. Additionally, although Plaintiff reports possessing approximately $500 in cash, the section requesting information regarding bank accounts or other financial institutions is blank, making it unclear whether Plaintiff maintains any accounts. *Id.* Further, Plaintiff lists credit card debt of $25,000 but does not list any

3:26-cv-01436-AHG

corresponding monthly installment payments. *Id.* at 4.

"When a claim of poverty is made under section 1915[,] 'it is proper and indeed essential for the supporting affidavits to state the facts as to affiant's poverty with some particularity, definiteness and certainty.'" *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (quoting *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960)). Here, the Court finds that Plaintiff's affidavit does not state the facts with sufficient particularity and definiteness to allow the Court to verify Plaintiff's indigence.

Accordingly, the Court **DENIES WITHOUT PREJUDICE** Plaintiff's Motion to Proceed IFP (ECF No. 2). To proceed with this action, no later than **March 24, 2026**, Plaintiff must either (1) pay the civil filing fee, or (2) file a renewed Motion to Proceed IFP that fully completes all sections of the application and provides complete and accurate financial information in compliance with Civil Local Rule 3.2(a).

**IT IS SO ORDERED.**

Dated:  March 10, 2026

_____
Honorable Allison H. Goddard
United States Magistrate Judge

3

3:26-cv-01436-AHG